# EXHIBIT "A"

ELECTRONICALLY FILED
2020 Sep 23 11:50 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**\*\* | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| CHARLIE A. POWELL, II | ETHAN HEALY and BRAINTRUST RECORDS |

| TO:    (NAME AND ADDRESS OF DEFENDANT) | Method of Service: |
|---|---|
| ETHAN HEALY pka HEALY<br><br>455 NORTH AVENUE 51<br><br>LOS ANGELES, CA 90042 | ☐ Shelby County Sheriff<br>☑ Private Process Server<br>☐ Out of County Sheriff\*<br>☐ Secretary of State\*<br>☐ Comm. Of Insurance\*<br>☐ Certified Mail<br>☐ Other<br>      \*Attach Required Fees |

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Lauren  E. Kilgore<br><br>Shackelford Bowen McKinley & Norton, LLP<br><br>1 Music Circle S, Suite 300, Nashville, TN 37203<br><br>(615) 329-4440 (p) (615) 329-4485 (f) | ISSUED_____of_____, 20_____<br><br>**W. Aaron Hall, Clerk  and Master**<br><br>By: _____<br>         Deputy Clerk & Master<br><br>    140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>                              D. C. & M. |

**\*\*Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

By: _____

Signature of person accepting service                                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of\_\_\_\_\_Notary Public or\_\_\_\_\_ Deputy Court Clerk: _____ My Commission Expires: | _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        CHARLIE A POWELL V ETHAN HEALY, ET AL

**Case Number:**      CH-20-1166

**Type:**            Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 09/23/2020 01:56:19 PM

ELECTRONICALLY FILED
2020 Sep 23 11:50 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**\*\* | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| CHARLIE A. POWELL, II | ETHAN HEALY and BRAINTRUST RECORDS |

TO:  (NAME AND ADDRESS OF DEFENDANT)

BRAINTRUST RECORDS LLC

c/o REGISTERED AGENTS, INC.

7901 4th STREET N. SUITE 300

ST. PETERSBURG, FL 33702

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☑ Certified Mail
☐ Other
  \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

Lauren E. Kilgore

Shackelford Bowen McKinley & Norton, LLP

1 Music Circle S, Suite 300, Nashville, TN 37203

(615) 329-4440 (p) (615) 329-4485 (f)

ISSUED_____ of _____, 20_____

W. Aaron Hall, Clerk and Master

By: _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____ day of _____, 20 _____

Sheriff

## CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

W. Aaron Hall, Clerk & Master

By: _____

D. C. & M.

**\*\*Submit one original and one copy for each defendant to be served.**

If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):
    Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                               Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                                      By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** | |
| _____ , 20_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        CHARLIE A POWELL V ETHAN HEALY, ET AL

**Case Number:**    CH-20-1166

**Type:**               Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 09/23/2020 01:56:19 PM

ELECTRONICALLY FILED
2020 Sep 23 11:50 AM
CLERK OF COURT

# IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## AT MEMPHIS

| | | |
|---|---|---|
| **CHARLIE A. POWELL, II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **ETHAN HEALY** *pka* **"HEALY", and** | ) | |
| **BRAINTRUST RECORDS, LLC,** | ) | |
| **a Florida Limited Liability Company,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Charlie A. Powell, II ("Mr. Powell") brings this action for breach of contract for Defendant Ethan Healy's ("Mr. Healy") breach of the management agreement between the parties and for an accounting.

### THE PARTIES

1.      Plaintiff Charlie A. Powell, II is a citizen and resident of Shelby County, Tennessee and is an authorized fifty percent (50%) owner of Braintrust Records, LLC ("Braintrust"). Mr. Powell is a businessman and works as a personal manager in the music business.

2.      Defendant Ethan Healy *pka* "Healy" is a citizen and resident of Los Angeles County, California and is an authorized fifty percent (50%) owner of Braintrust. Mr. Healy is a hip-hop recording artist and songwriter.

3.      Defendant Braintrust Records, LLC is a Florida limited liability company authorized to transact business in the State of Florida, with its principal place of business located at 3030 North Rocky Point Drive, Suite 150A, Tampa, Florida 33607. Braintrust was formed through its articles of organization on September 27, 2017. Braintrust is a member-managed

limited liability company.  Braintrust may be served with process through its registered agent, Registered Agents, Inc., at 7901 4th Street North, Suite 300, St. Petersburg, Florida, 33702.

## VENUE AND JURISDICTION

4.      The Court has general personal jurisdiction over Mr. Healy because he has continuous and systematic contacts with the State of Tennessee such that he can be found to be essentially at home in this judicial district.  The Court also has specific personal jurisdiction over Mr. Healy because he conducted his artist and songwriting activities and negotiations with Mr. Powell for the Management Agreement in this judicial district and entered into and performed his obligations pursuant to the Management Agreement in this judicial district.

5.      The Court has general personal jurisdiction over Defendant Braintrust because it has continuous and systematic contacts with this judicial district in the State of Tennessee such that it can found to be essentially at home within this judicial district.  The Court also has specific personal jurisdiction over Braintrust because the company's members conduct business activities in the State of Tennessee and the company maintains bank accounts in Tennessee through which is conducts business.

6.      Venue is proper in this Court because the Management Agreement was entered into and performed in this judicial district, and the events giving rise to this dispute occurred in this judicial district.

## FACTS

7.      Mr. Powell is an artist manager and businessman in the hip hop music and entertainment industry.

8.      Mr. Healy is a hip-hop recording artist and songwriter from Memphis, Tennessee who currently resides in Los Angeles County, California.  Mr. Healy frequently travels back to Memphis, Tennessee both for work and to visit his family members who reside there.

9.      In or about 2012, Mr. Powell and Mr. Healy entered into an oral agreement (the "Management Agreement"), whereby Mr. Powell agreed to act as personal manager for Healy in his entertainment and music-related activities in exchange for a commission of fifteen percent (15%) of Mr. Healy's gross income related to those activities.

10.      Beginning in 2012, Mr. Powell acted as Mr. Healy's personal manager and Mr. Healy held Mr. Powell out as his personal manager.  During that time, Mr. Powell provided management services to Mr. Healy, including providing advice and counsel to Mr. Healy with respect to his development as an artist and songwriter and other entertainment-related activities.

11.      Under Mr. Powell's management and guidance, Mr. Healy experienced increasing success in the development of his musical career.

12.      In or about September 2017, Mr. Powell and Mr. Healy partnered to form the independent record label, "Braintrust Records."  "Braintrust Records" currently operates through Braintrust Records, LLC, a Florida limited liability company that was created on September 27, 2017.  Braintrust is an active Florida LLC in good standing.

13.      The primary purpose of Braintrust Records was to continue to develop Mr. Healy's talents and release Mr. Healy's music and for Mr. Powell and Mr. Healy to sign other recording artists to the label to develop and release their music.  Another purpose of the formation of the Braintrust record label was to eventually "upstream" the label and/or partner with a major recording label (*i.e.*, Sony Music Group, Universal Music Group, Warner Music Group) for acts signed to the label, including, potentially, Mr. Healy.

14.     Mr. Powell and Mr. Healy are the only two members of Braintrust Records LLC, and each have an equal fifty percent (50%) ownership interest in the company.

15.     From 2012 to mid-2019, Mr. Powell advised and counseled Mr. Healy in his development as a recording artist, often paying expenses for Mr. Healy out of his own pocket.  In or about late 2017 or early 2018, Mr. Powell began conducting extensive negotiations with RCA Records, a division of Sony Music Group ("RCA"), for a potential exclusive recording agreement with Mr. Healy *pka* Healy.

16.     However, Mr. Powell was not satisfied with the deal points initially offered by RCA, and, thus, continued to engage in negotiations to obtain for Mr. Healy the most advantageous agreement possible.

17.     As a direct result of Mr. Powell's efforts and negotiations with various RCA personnel during the majority of 2018, Mr. Powell was able to obtain a favorable exclusive recording agreement (the "Recording Agreement") between Braintrust Records, LLC for the services of Mr. Healy, with RCA.  The Recording Agreement was entered into on December 7, 2018 and signed by Mr. Healy on behalf of and as a member of Braintrust Records, LLC.  Mr. Powell's efforts were pivotal in securing this agreement for Mr. Healy.

18.     Upon information and belief, pursuant to the provisions of the Recording Agreement, RCA has paid to Braintrust Records, LLC and/or Mr. Healy an advance of at least $350,000 (an amount specifically negotiated by Mr. Powell), and will continue to pay to Braintrust Records, LLC and/or Mr. Healy additional advances if and when it exercises the Option Periods in the agreement.

19.     Pursuant to the terms of the Management Agreement, Mr. Powell is entitled to commission fifteen percent (15%) of the gross amounts paid to Mr. Healy, through Braintrust, by

RCA pursuant to the Recording Agreement, which was procured by Mr. Powell during the Term of the Management Agreement.

20.      However, Mr. Healy has refused to pay Mr. Powell any commissions on income paid to him pursuant to the Recording Agreement.  Mr. Healy has, thus, materially breached the Management Agreement by failing to pay Mr. Powell 15% of the gross monies he has received from RCA and any other income earned during the Term.

21.      Approximately six months after the Recording Agreement was signed, in or about July 2019, Mr. Healy – through counsel – suddenly notified Mr. Powell of his desire to terminate the Management Agreement.

22.      At the same time, Mr. Healy improperly and unilaterally terminated Mr. Powell's access to the financial records and corporate bank accounts of Braintrust Records, LLC, and has continued to exclude Mr. Powell from all activities related to the company for over a year.  Mr. Powell has requested access to the financial and other business records of the company on several occasions in order to determine, among other things, what monies RCA has paid to Mr. Healy since December 2018, but Mr. Healy has ignored or denied those requests.

## COUNT I – BREACH OF CONTRACT
### (Management Agreement)

23.      Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 – 22.

24.      The Management Agreement is an enforceable contract between the parties.

25.      Pursuant to the Management Agreement, Mr. Powell is entitled to receive 15% of gross monies Mr. Healy receives for entertainment-related activities during the Term, including opportunities obtained or for which Mr. Powell was the procuring cause during the Term.

26.     Mr. Powell negotiated and procured for Mr. Healy, during the Term of the Management Agreement, the Recording Agreement with RCA.  Thus, Mr. Powell is entitled to commission 15% of any monies paid to Mr. Healy, through Braintrust Records, LLC, pursuant to the Recording Agreement.

27.     Defendant has breached the Management Agreement because he has failed to pay to Plaintiff commissions owed pursuant to that agreement.  Specifically, Mr. Healy has failed to pay to Plaintiff his commissions owed from monies received by RCA pursuant to the Recording Agreement, which Recording Agreement was procured by Mr. Powell during the Term of the Management Agreement.

28.     Defendant Mr. Healy has also breached the Management Agreement by failing to pay Plaintiff commissions on other gross income he has received that Plaintiff is entitled to commission under the Management Agreement.

29.     Defendant has retained funds that should have been paid to Plaintiff in the amount of, upon information and belief, at least $50,000, and Plaintiff has been damaged thereby.

30.     Plaintiff is entitled to recover the amounts improperly withheld from Plaintiff by Defendant in breach of the Management Agreement.

## COUNT II - ACCOUNTING

31.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 – 30.

32.     An accounting is necessary for Plaintiff to determine the extent of damages to him as a result of Defendant Mr. Healy's breach of contract, and in order to accurately calculate the amounts of gross income earned and/or received by Defendant which Plaintiff is contractually entitled to commission.

33.     The information necessary for Plaintiff to determine the accuracy of the accounting is within the exclusive control of Defendants and their representatives.   Plaintiff lacks critical information about the finances of both Braintrust Records, LLC and Mr. Healy.

34.     In addition, there exist among the parties accounts of a complex nature that necessitate an accounting, and Plaintiff is entitled to an accounting as a co-member of Braintrust Records, LLC, which was demanded on September 4, 2020.   An accounting is necessary to examine these complex accounts.

**WHEREFORE,** Plaintiff demands a judgment of the Defendant as follows:

1.     That this Court declare that Plaintiff is contractually entitled to commission the gross income Defendant received and will receive pursuant to the Recording Agreement with RCA; and

2.     For compensatory damages for breach of the Management Agreement for the failure to pay commissions in an amount to be determined at trial; and

3.     For a complete accounting by the Defendants; and

4.     For such other and further relief as may be appropriate; and

5.     For general relief; and

6.     For the costs of this cause.


## JURY DEMAND


Plaintiff demands a jury.

September 22, 2020

Respectfully submitted,

**SHACKELFORD, BOWEN
MCKINLEY & NORTON, LLP**

Lauren Kilgore (TN Bar No. 30219)
Christian Barker (TN Bar No. 031016)
1 Music Circle South, Suite 300
Nashville, TN 37209
P: (615) 329-4440
F: (615) 329-4485
lkilgore@shackelford.law
cbarker@shackelford.law

*Attorneys for Plaintiff*