THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Defendant, ETHAN HEALY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE A. POWELL, II,<br>　　　　Plaintiff,<br>　　vs.<br>ETHAN HEALY *pka* "HEALY", and BRAINTRUST RECORDS, LLC a Florida Limited Liability Company<br>　　　　Defendants. | Case No.: 2:20-cv-10171-DSF-AFM<br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND/OR MOTION FOR [CONDITIONAL] SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ETHAN HEALY**<br><br>[[Proposed] Order Lodged Concurrently]<br><br>**Date: December 14, 2020**<br>**Time: 1:30 pm PST**<br><br>Removed from State Court: November 5, 2020<br><br>Judge: Honorable Dale S. Fischer |

TO THE ABOVE ENTITLED COURT AND TO THE PLAINTIFF, CHARLIE A. POWELL, II:

NOTICE IS HEREBY GIVEN that on December 14, 2020, in Courtroom 7D of the First Street Courthouse located at 350 West 1st Street, Los Angeles, California 90012, at 1:30 pm PST, or as soon thereafter as may be heard, Defendants, ETHAN HEALY ("Healy") and BRAINTRUST RECORDS,

LLC ("Braintrust") (collectively, the "Defendants"), by and through the undersigned counsel, will and hereby do move the Honorable Dale S. Fischer for an order granting their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Motion for [Conditional] Summary Judgment; Memorandum of Points and Authorities; and Declaration of Ethan Healy (the "Motion to Dismiss") pursuant to Rule 7 of the Federal Rules of Civil Procedure.

The grounds for this motion are set forth more fully in the underlying memorandum attached thereto, the pleadings and other documents on file in this action, and any further evidence and oral argument that the Court may request with respect to this motion.

Dated this 12th day of November 2020.

Respectfully submitted, THE WILLIAMS LAW GROUP

BY:  /s/Andrew Williams

Andrew Williams, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **STATEMENT OF FACTS**

On or around March 4, 2013, Defendant Healy entered into a ***written*** agreement in which the Plaintiff and Healy agreed that the Plaintiff would serve as Healy's manager in the entertainment industry (the "Management Agreement" or the "Agreement"). The Management Agreement was presented to Healy by the Plaintiff and it was signed by *both* Healy and the Plaintiff.  After the execution of the Agreement, the Plaintiff maintained possession of it.  On or around July 2019, Healy provided the Plaintiff with *written* notice of his termination of the Agreement based upon, among other things, the Plaintiff's misappropriation of monies that belonged to Healy.

On or around September 22, 2020, the Plaintiff filed an action in the Chancery Court for Shelby County, Tennessee.  On November 5, 2020, that action was removed to this Court, which is where it now lies.

## II.   LEGAL STANDARD

A "motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint" *Milbeck v. TrueCar, Inc.*, 218CV02612SVWAGR, 2019 WL 476004, at *1 (C.D. Cal. Feb. 5, 2019) *(citing* Fed. R. of Civ. P. 12(b)(6).  In order "[t]o survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. A "claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*.

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. *See* Fed. R. Civ. P. 56.  The Rule provides that a motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*.

The party that is "moving for summary judgment bears the initial burden of informing the district court of the basis of the summary judgment motion, and of demonstrating the absence of a genuine issue of material fact for trial." *Fleener v. Trinity Broad. Network*, 203 F. Supp. 2d 1142, 1147 (C.D. Cal. 2001). "On an issue for which the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Id*. (internal citations omitted).

After the moving's initial burden is satisfied, "the non-moving party is required to 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on

file, designate 'specific facts' showing that there is a genuine issue for trial." *Id*. The "non-moving party's evidence must be such that a 'fair-minded jury could return a verdict for the [non-moving party] on the evidence presented.'" *Id*.

### III.   ARGUMENT

#### a.   The Plaintiff Fails to Allege the Existence of a Sufficiently Definite Contract

The Management Agreement was ***written*** and both the Plaintiff and the Defendants were and are aware of this.  Because the Complaint alleges an oral agreement in light of the Plaintiff's knowledge that the Agreement was written the Plaintiff fails to state a proper cause for breach of contract.

In order to "state a cause of action for breach of contract, [a plaintiff] must plead the contract, his performance of the contract or excuse for nonperformance, [the defendant's] breach and the resulting damage." *Otworth v. Southern Pac. Trans. Co.*, 166 Cal.App.3d 452, 458, 212 Cal.Rptr. 743, 747. Furthermore, "the complaint must indicate on its face whether the contract is written, oral, or implied by conduct." *Id*.   If an oral agreement is alleged, a plaintiff must plead "*sufficiently definite* terms [for the agreement] to be enforceable." *See Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal.App.4th 1150, 1173, 201 Cal.Rptr.3d 390, 412. The "terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Id*. at 1174.  Courts in this District have held that "[w]here a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." *Id*.  Factors this Court has considered include, but are not limited to the "nature and duration of the oral agreement." *See Khoury v. Maly's of California, Inc.*, 17 Cal. Rptr. 2d 708, 710 (Ct. App. 1993).

Here, the Plaintiff has falsely and fraudulently plead that the Agreement was oral despite the fact that Plaintiff has/had direct knowledge as the drafter/provider of the Agreement that it was in writing.

Notwithstanding this fact, the Plaintiff's claims still fail to survive because the terms of the alleged contract are "uncertain and indefinite" and the "terms of [the] contract are [not] reasonably certain."

The only "certain" claims made by the Plaintiff is that the Agreement was a management agreement and that it allegedly provided the Plaintiff with a fifteen (15%) commission of Healy's gross income related to Healy's activities in the entertainment industry. The Complaint fails to indicate any other certainty related to the Agreement. It fails to state the duration of the Agreement, the duties of the parties to the Agreement, the law the Agreement was subject to, or even *where* the Agreement was entered into.

Healy cannot defend himself against the allegations in the Complaint because (1) they were knowingly falsely filed, but (2) because of the uncertain, unfairly vague, and ambiguous nature of the terms of the Agreement.

### b. The is No Cause of Action Known as "Accounting"

There is no cause of action known as an "accounting" in California. The "right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims." *Duggal v. G.E. Capital Communications Services, Inc.*, 96 Cal. Rptr. 2d 383 (Ct. App. 2000).

The Plaintiff's second cause of action, "accounting" is a not a cause of action at all, but rather a remedy. Therefore, because the Plaintiff has failed to state a proper cause of action, the "accounting" claim must be either dismissed or stricken since it fails to state an actual claim for which relief can be granted.

### c. Summary Judgment is Proper Until the Plaintiff Can Produce the Agreement

The Management Agreement was in writing and signed by Healy and the Plaintiff on or around March 4, 2013. *See* Declaration of Ethan Healy. Because the Agreement was *written*, the Plaintiff cannot

prevail on his claim for breach of [oral] contract since the Agreement was not oral.  If there was never any oral contract, then Healy could not breach a contract that did not exist.

Summary judgment is proper if there is no dispute as to any genuine issues of material fact. *See* Fed. R. Civ. P. 56(c).  If "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" then a court *must* grant a motion for summary judgment. *See Fleener*, 203 F. Supp. 2d 1142, 1147 (C.D. Cal. 2001).

It is without dispute that the Agreement was in writing and Healy dares the Plaintiff to file an affidavit under oath alleging anything to the contrary as any such allegation would be blatantly false and the Plaintiff would have committed perjury in doing such.  Because the Plaintiff *cannot* oppose this motion, at least not via affidavit or under oath, and the dispute in question relates to a written agreement, Healy cannot and could not have breached an oral agreement of the same purpose.  Summary judgment is thus proper as it pertains to the Plaintiff's breach of contract claims.

While, the Defendants contend that there is no such cause of action for "Accounting", even if there was such a cause, it is the Defendants' position that because summary judgment is proper as it pertains to the Plaintiff's breach of contract claims, it is also proper as it pertains to the Plaintiff's accounting claim since the accounting claim is based on the fact that an "accounting is necessary for Plaintiff to determine the extent of damages to him as a result of Defendant [Healy's] breach of contract."  Again, if there was not any oral contract to be breached and summary judgment is awarded for the breach of contract claims then it only logically follows that such summary judgment would also pertain to the accounting claim as well.

   **d.  Plaintiff's Fraud Upon the Court Warrants Dismissal and Sanctions**

Because the Plaintiff knowingly and intentionally committed a fraud upon this Court by alleging that the contract in question was an oral agreement when he knew, or reasonably should have known, that the Agreement in dispute was written, the Plaintiff should be sanctioned.  The sanctions should be based upon the inconvenience that the Plaintiff caused this Court, which already has scarce resources, the inconvenience he caused the Defendants, the expenses the Defendants were required to exhaust to defend this action, and in order to deter further and future malfeasance from the Plaintiff.

## CONCLUSION

Based on the foregoing points and cases, it should be clear to this Court that this entire proceeding is a shim, a sham and shiv.  The Plaintiff knowingly made false statements to this Court in order to attempt to secure some positional advantage or to hopefully win a judgment, but simply put the only judgment that should be entered is one in favor of the Defendants since the Plaintiff cannot prevail on his claims for breach of contract of an *oral* agreement when the agreement in question was written.

**WHEREFORE** Defendants, Ethan Healy and Braintrust Records, LLC, respectfully request that this Court enter an order dismissing this action with prejudice and/or entering summary judgment in favor of the Defendants and against the Plaintiff.

Dated this 12th day of November 2020.


Respectfully submitted,                                THE WILLIAMS LAW GROUP


                                                       BY:  /s/Andrew Williams_____
                                                            Andrew Williams, Esq.


## **CERTIFICATE OF SERVICE**

The undersigned, a contractor of The Williams Law Group, hereby certifies that on the 12th day of November 2020, a copy of the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION**

**TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND/OR MOTION FOR [CONDITIONAL] SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ETHAN HEALY**, was served via the CM/ECF system on all parties and counsel of record.

Dated this 12th day of November 2020.

Respectfully submitted,                    THE WILLIAMS LAW GROUP


                                    BY:  /s/Andrew Williams_____
                                          Andrew Williams, Esq.