BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Charlie A. Powell, II

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLIE A. POWELL, II, | Case No. 2:20-CV-10171-DSF-AFM |
| Plaintiff, | The Hon. Dale S. Fischer |
| vs. | **PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONTINUE THE HEARING OF THE MOTION TO DISMISS, AND REQUEST FOR SANCTIONS** |
| ETHAN HEALY pka "HEALY"; and BRAINTRUST RECORDS, LLC, a Florida Limited Liability Company, | |
| Defendants. | |
| | Judge:  Hon. Dale S. Fischer |
| | Trial Date:  None Set |

TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Charles A. Powell, II ("Plaintiff") will, and hereby does, apply ex parte, in accordance with Local Rule 7-19, for the Court to issue an order (1) striking the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Motion for [Conditional] Summary Judgment (Dkt. No. 6; the "Motion") of Defendants Ethan Healy pka "Healy" and Braintrust Records, LLC ("Defendants"), or, in the alternative, (2) continuing the December 14, 2020 hearing on the Motion until Plaintiff's anticipated motion to remand can be heard. Plaintiff also requests sanctions from Defendants and/or their attorneys due to their bad faith and the necessity of having to file this ex parte application, a total of $8,250.

Pursuant to the Court's Standing Order, Plaintiff hereby gives notice that the opposing papers are to be filed no later than 48 hours (or two court days) following service.

This ex parte application is based upon the following:

• This case was initially filed in Chancery Court for Shelby County, Tennessee. On November 5, 2020, Defendants filed notices of removal in Tennessee state court and in this Court (Dkt. No. 1), improperly removing an action filed in Tennessee state court to the United States District Court for the Central District of California. Despite numerous communications on this issue, Defendants have refused to withdraw their notices of removal.

• On November 13, 2020, Defendants filed the Motion. Although Defendants were well aware of the Local Rule 7-3 meet and confer requirement, they failed to comply with that rule. Nor did they serve Plaintiff – whose counsel had not yet appeared in California – with this Motion. This Motion is noticed for hearing on December 14, 2020.

• Plaintiff intends to file a motion to remand this action back to the Tennessee state court, and the parties have scheduled a Rule 7-3 meet and confer

concerning this motion to remand for November 18, 2020. If Defendants fail to withdraw their notices of removal, Plaintiff will file a motion to remand prior to November 30, 2020. The earliest that a hearing could be held is December 28, 2020.

- There is simply no method (much less the filing of a notice of removal) for a party to directly transfer a case from a foreign state court to the California federal court. Since this action was improperly removed from the Tennessee state court to California federal court, the motion to remand should be heard prior to Defendants' Motion. It would be a waste of the resources of both the parties and this Court for the substantive Motion to be heard before the motion to remand, which is anticipated to remand the action to Tennessee state court.

- Due to the timing of the Motion, Plaintiff cannot seek relief by filing a regularly noticed motion – had Plaintiff done so, any hearing would be after the December 14, 2020 hearing on the Motion, Plaintiff would be required to file, on November 23, 2020, an opposition to that Motion, and any relief would be moot.

- The necessity of filing this ex parte application is not due to any actions of Plaintiff, but to the actions of Defendants – improperly removing a Tennessee state court case to California federal court, refusing to withdraw it, and filing the Motion without the proper meet and confer.

- Defendants' and their counsel's actions are egregious and in bad faith, and have necessitated Plaintiff's hiring of California counsel and incurring attorneys' fees, in the amount of $8,250.

This Application is based upon this notice, the attached memorandum of points and authorities, the Declarations of Lori Sambol Brody and Lauren Kilgore, and the exhibits thereto, the [Proposed] Order, the papers filed in this action, and such other and further matters the Court may properly consider.

In accordance with Local Rule 7-19, Plaintiff gave notice of this ex parte application to Defendants. Declaration of Lauren Kilgore ¶15, Ex. E; Declaration of

Lori Sambol Brody ¶2. As of the time of filing the application, Defendants have not indicated whether they intend to oppose the application.

DATED:  November 17, 2020

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
 Keith J. Wesley
 Lori Sambol Brody


By:  */s/ Lori Sambol Brody*
   Lori Sambol Brody
Attorneys for Plaintiff Charlie A. Powell, II

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 7

II. STATEMENT OF FACTS .............................................................................. 8

    A. Defendants Improperly Remove this Action, Originally Filed in Tennessee State Court, to the Central District of California. ................. 8

    B. Initial Meet and Confers as to Removal. ................................................ 9

    C. Defendants File a Motion to Dismiss Without Complying with the Meet and Confer Requirement Mandated by Local Rule 7-3. ........... 9

    D. Defendants Refuse to Withdraw the Notices of Removal or the Motion, or to Continue the Hearing of the Motion. .............................. 10

    E. Plaintiff Has Notified Counsel of this Ex Parte Application Pursuant to Local Rule 7-19. ................................................................ 11

    F. As a Result of Defendants' Bad Faith Conduct, Plaintiff Has Been Forced to Incur Attorneys' Fees. ................................................. 12

III. EX PARTE RELIEF IS PROPER HERE. ..................................................... 12

IV. THIS APPLICATION SHOULD BE GRANTED, AND DEFENDANTS' MOTION BE STRICKEN OR THE HEARING CONTINUED UNDER AFTER A HEARING ON A MOTION TO REMAND. .................................................................................................... 13

    A. The Motion Should be Stricken Since Defendant Did Not Comply with Local Rule 7-3. .............................................................. 13

    B. In the Alternative, the Hearing on the Motion Should Be Continued Until After the Hearing on the Motion to Remand. ............ 15

V. PLAINTIFF IS ENTITLED TO SANCTIONS ............................................. 15

VI. CONCLUSION .............................................................................................. 16

1697947.1

-5-   Case No. 2:20-CV-10171-DSF-AFM

PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' MTD, OR, IN THE ALTERNATIVE, CONTINUE THE HEARING OF THE MTD, AND REQUEST FOR SANCTIONS

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bohn v. Pharmavite, LLC*,
  2013 WL 4517173 (C.D. Cal. Feb. 5, 2013) ........................................................ 8

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ............................................................................. 7

*James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*,
  2016 WL 9223782 (C.D. Cal. Sept. 12, 2016)………………………….7, 8

*Lofton v. Verizon Wireless (VAW) LLC*,
  308 F.R.D. 276 (N.D. Cal. 2015) ........................................................................ 9

*Mission Power Engineering Co. v. Continental Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) ..................................................................... 6

*Ricketts v. CBS Corps.*,
  439 F. Supp. 3d 1199 (C.D. Cal. 2020), *recon. den.*, 2020 WL 3124218
  (C.D. Cal. Mar. 19, 2020), *appeal filed* (Sept. 9, 2020) (Fischer, J.) ..................... 8

**STATUTES**

28 U.S.C. §1441(a) ..................................................................................................... 3

28 U.S.C. §1447(c) ................................................................................................... 10

**OTHER AUTHORITIES**

C.D. Local Rule 7-3 ............................................................................................*passim*

C.D. Local R. 7-9 ....................................................................................................... 4

C.D. Local Rule 6-1 .................................................................................................... 6

C.D. Local Rule 7-19 .................................................................................................. 5

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1

## I. INTRODUCTION

Defendants improperly removed this action from Tennessee state court to this Court. Dkt. No. 1. Simply put, there is no mechanism that provides for such a direct transfer of a foreign state court action to the California federal courts. Despite numerous communications on this point, Defendants Ethan Healy pka "Healy" and Braintrust Records, LLC ("Defendants") have refused to withdraw their notices of removal and, doubling down on their contention that their actions were proper, filed a motion styled "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Motion for [Conditional] Summary Judgment" (Dkt. No. 6; the "Motion"), set for hearing on December 14, 2020, without serving Plaintiff's counsel nor complying with the mandate of Local Rule 7-3 to confer prior to filing a motion.[1]

Plaintiff thus applies ex parte for an order (1) striking the Motion for Defendants' failure to comply with Rule 7-3, or, in the alternative, (2) continuing the December 14, 2020 hearing on the Motion until Plaintiff's motion to remand can be heard:

• Plaintiff intends to file a motion to remand this action back to the Tennessee state court, and the parties have scheduled a Local Rule 7-3 meet and confer concerning this motion to remand for November 18, 2020. If Defendants fail to withdraw their notices of removal, Plaintiff will file a motion to remand prior to November 30, 2020. The earliest that a hearing could be held is December 28, 2020.

• Since Defendants improperly removed this action from the Tennessee state court to California federal court, the motion to remand should be heard prior to

---

[1] To the extent that Defendants' Motion purports to seek "[conditional] summary judgment" (whatever that is) Defendants also failed to comply with the Court's Standing Order re Summary Judgment.

Defendants' Motion. It would be a waste of the resources of both the parties and this Court for the substantive Motion to be heard before the motion to remand, which Plaintiff anticipates will remand this action back to Tennessee state court.

• Due to the timing of the Motion, Plaintiff cannot seek relief by filing a regularly noticed motion – had Plaintiff done so, any hearing would be after the December 14, 2020 hearing on the Motion, Plaintiff would be required to file, on November 23, 2020, an opposition to that Motion, and any relief would be moot.

• The necessity of filing this ex parte application is not due to any actions of Plaintiff, but to the actions of Defendants – improperly removing a Tennessee state court case to California federal court, refusing to withdraw it, and filing the Motion without the proper meet and confer.

Defendants clearly have acted in bad faith – in wrongfully using the removal procedure to remove a Tennessee state court action to California federal court, refusing to withdraw the notices of removal once they were informed that the law is not in their favor, and in filing the Motion without complying with the Local Rules. Defendants have thus caused Plaintiff to incur attorneys' fees in addressing these issues in California federal court. Plaintiff therefore requests sanctions from Defendants for their attorneys' fees in having to file this ex parte application, a total of $8,250.

## II. STATEMENT OF FACTS

### A. Defendants Improperly Remove this Action, Originally Filed in Tennessee State Court, to the Central District of California.

On September 23, 2020, Plaintiff filed a complaint asserting claims for breach of contract and an accounting against the Defendants in the Chancery Court for Shelby County, Tennessee, Case No. CH-20-1166 (the "Tennessee State Court Action"). Declaration of Lauren Kilgore ("Kilgore Decl.") ¶3.

Defendants' response to the complaint in the Tennessee State Court Action was due on November 5, 2020. *See* Kilgore Decl. ¶7. But instead of filing a

1  response on that date, Defendants filed notices of removal in both the Tennessee
2  State Court Action and in this Court, removing a case filed in Tennessee state court
3  to the United States District Court for the Central District of California. *Id.* at ¶8;
4  Dkt. No. 1.

### B. <u>Initial Meet and Confers as to Removal.</u>

On November 9, 2020, Plaintiff's counsel contacted Defendants' counsel and advised him that the attempt to remove the case to California federal court was improper and contrary to the plain language of 28 U.S.C. §1441(a), that the only court the case could be removed to – were it removable at all – was the District Court for the Western District of Tennessee, and requested that he withdraw the notices of removal from both courts the following day in order to save Plaintiff the added time and expense of defending an improperly removed case. Kilgore Decl. ¶9, Ex. B.

On November 12, 2020, Defendants' counsel responded to Plaintiff's counsel's email, stating that he would "need to further investigate" the matter, but claimed that "the case was removable and it was removed to a venue that certainly *could* appropriately hear the case in the event the venue was wrong." Kilgore Decl. ¶10, Ex. C (emphasis in original). He refused to withdraw and/or strike the notice of removal. *Id.* He also acknowledged that "we are required to meet and confer in the Central District therefore please advise as to your availability for a call next week to discuss your position regarding removal." *Id.*

On the same day, Plaintiff's counsel advised Defendants' counsel that she was available to meet and confer the following week, and also that, before that conference, she expected him to be prepared to discuss the basis for his contention that his removal of the case was proper. Kilgore Decl. ¶11, Ex. D.

### C. <u>Defendants File a Motion to Dismiss Without Complying with the Meet and Confer Requirement Mandated by Local Rule 7-3.</u>

On November 13, 2020, Defendants filed their Motion, asserting (1) the

complaint failed to allege a definite contract and the contract was not oral but written, (2) no claim for accounting exists under California law, and (3) "conditional" summary judgment is proper until Plaintiff produces a written contract. Dkt. No. 6. This Motion is set for hearing on December 14, 2020, with Plaintiff's opposition due on November 23, 2020. C.D. Local R. 7-9.

Plaintiff's counsel was *never* served with the Motion, as required, and only discovered that it was filed because she checked PACER. Kilgore Decl. ¶14. Defendants' counsel, although communicating with Plaintiff's counsel on November 13, 2020, failed to inform her that he intended to file the Motion. *Id.* at ¶13. And despite knowing of Local Rule 7-3's mandate to meet and confer seven days prior to date of filing any motion, and holding Plaintiff's counsel to that requirement in his November 12, 2020 email, Defendants' counsel failed to comply with that rule. *Id.*

### D. **Defendants Refuse to Withdraw the Notices of Removal or the Motion, or to Continue the Hearing of the Motion.**

In additional meet and confers, Defendants' counsel continued to dig his heels in and refuse to withdraw the notices of removal – or to withdraw or continue the hearing of the Motion. On November 16, 2020, Plaintiff's counsel provided Defendants' counsel with authority demonstrating that Defendants could not remove a case originally filed in Tennessee state court to this Court and again requested that Defendants withdraw the notices of removal. Kilgore Decl. ¶15, Ex. E. In this email, she also advised Defendants' counsel that he had not complied with Local Rule 7-3 before he filed the Motion and requested that he withdraw that Motion as well or continue the December 14, 2020 hearing until after the Court heard a motion to remand the case to Tennessee state court, or Plaintiff would apply ex parte for that same relief. *Id.*

On that same day, November 16, 2020, Defendants' counsel contended that that he had complied with Local Rule 7-3 by an October 9, 2020, conversation

wherein he asserted that the oral agreement alleged in the complaint was actually a written agreement. Kilgore Decl. ¶¶16-17, Ex. F. He also stated that he was available for a meet and confer concerning Plaintiff's anticipated motion to remand on Wednesday November 18, 2020. *Id.* at ¶16, Ex. F.

Plaintiff's counsel responded to this email, stating that she was available for a November 18, 2020, meet and confer. Kilgore Decl. Ex. F. She also pointed out that the October 9, 2020, conversation did not comply with Local Rule 7-3. *Id.* Indeed, in that conversation, which was almost a month before the notices of removal were filed and more than a month before the motion to dismiss was filed, Defendants' counsel did not even mention the filing of a motion to dismiss, nor addressed all the arguments made in the motions to dismiss. *Id.* at ¶16.

To date, Defendants have refused to withdraw the notice of removal or withdraw or agree to continue the Motion to permit Plaintiff to bring a motion to remand to Tennessee state court. Kilgore Decl. ¶18, Ex. F. A meet and confer pursuant to Local Rule 7-3 is scheduled for November 18, 2020, and, should such a motion be necessary, Plaintiff intends to file one by November 30, 2020.[2] *Id.* at ¶18, Ex. F.

### E. **Plaintiff Has Notified Counsel of this Ex Parte Application Pursuant to Local Rule 7-19.**

As stated above and in the concurrently submitted declarations, Plaintiff has informed Defendants, that this ex parte application will be filed and the substance thereof, and that they will have 48 hours to file an opposition. Kilgore Decl. ¶15, Ex. E; Declaration of Lori Sambol Brody ("Brody Decl.") ¶2. As required by Local Rule 7-19, the name, address, telephone number, and email address of Defendants' counsel is as follows: Andrew Williams, The Williams Law Group, 44 W. Flagler

---

[2]  If Plaintiff files a motion to remand on November 30, 2020, a hearing could be set for December 28, 2020.

1  St., Ste. 1575, Miami, FL 33130, 253-970-1683, Andrew@TheWilliamsLG.com.
2  As of the time of filing this ex parte, Defendants have not indicated whether they
3  will oppose this ex parte. Brody Decl. ¶3.

### F. As a Result of Defendants' Bad Faith Conduct, Plaintiff Has Been Forced to Incur Attorneys' Fees.

As a result of Defendants' improper removal of the Tennessee State Court Action to this Court, their refusal to withdraw their notices of removal, and their filing the Motion without complying with Local Rule 7-3, Plaintiff has been forced to incur the expense of retaining California counsel, to address the issues of removal, and to file this ex parte application, a total of $8,250. Kilgore Decl. ¶19; Brody Decl. ¶4.

## III. EX PARTE RELIEF IS PROPER HERE.

A party may properly seek ex parte relief where two factors exist: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). These prerequisites for ex parte relief exist here.

First, Plaintiff would suffer prejudice should he be forced to seek the relief requested by this ex parte application upon regular 28 days' notice pursuant to Local Rule 6-1. Should Plaintiff file a regularly noticed motion to strike or continue the hearing of the Motion,[3] Motion would be heard first, on December 14, 2020, and Plaintiff's relief would be moot. Plaintiff would expend resources on opposing the

---

[3] If Plaintiff files a motion to remand on November 30, 2020, the hearing would be noticed for December 28, 2020, two weeks after the hearing on the Motion.

1697947.1                          -12-                    Case No. 2:20-CV-10171-DSF-AFM
PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' MTD, OR, IN THE ALTERNATIVE,
CONTINUE THE HEARING OF THE MTD, AND REQUEST FOR SANCTIONS

Motion and the Court would expend resources in preparing for and considering a Motion in a case that should never have been before this Court in the first place. Any motion to remand should be heard first to promote judicial economy and efficiency.

Second, Plaintiff is without fault in creating the situation requiring ex parte relief. Defendants improperly removed this action to this Court, failed to meet and confer before filing the Motion, and failed to withdraw any of their submissions even when Plaintiffs demonstrated that Defendants were wrong. All fault for creating this situation rests solely on Defendants.

Therefore, ex parte relief is both proper and necessary here.

## IV. THIS APPLICATION SHOULD BE GRANTED, AND DEFENDANTS' MOTION BE STRICKEN OR THE HEARING CONTINUED UNDER AFTER A HEARING ON A MOTION TO REMAND.

### A. The Motion Should be Stricken Since Defendant Did Not Comply with Local Rule 7-3.

Parties must strictly adhere to the Local Rules, and this Court has the discretion to strike any motion that fails to comply with the Local Rules. *James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.,* 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Defendants' Motion should be stricken here for failure to comply with both Local Rule 7-3 and the Court's Standing Order.

Rule 7-3 mandates that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to filing of the motion. This Court's Standing Order emphasizes the importance of following this meet and confer requirement: "Counsel **must** comply

with Local Rule 7-3 . . . **Failure to comply with this Rule will be grounds for sanctions. If fault is attributed to the moving party, the Court may decline to hear the motion."** Standing Order, ¶4b (emphasis in original). This Rule applies to motions to dismiss, like this one, since the Court "strongly discourage[s]" motions to dismiss since [m]any motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment." *Id.* at ¶5a.

Indeed, courts, including this Court, have stricken submissions when parties have failed to follow Local Rule 7-3. *See*, *e.g.*, *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1207 n.1 (C.D. Cal. 2020), *recon. den.*, 2020 WL 3124218 (C.D. Cal. Mar. 19, 2020), *appeal filed* (Sept. 9, 2020) (Fischer, J.) (striking various submissions for failure to comply with several local rules, including Local Rule 7-3, and other formatting issues); *James R. Glidewell Dental Ceramics, Inc.*, 2016 WL 9223782, at *1 (striking motion for partial summary judgment for failure to comply with Rule 7-3); *Bohn v. Pharmavite, LLC*, 2013 WL 4517173, at *1 (C.D. Cal. Feb. 5, 2013) (striking motion to certify class for failure to comply with Local Rule 7-3 and Case Management Order).

Here, Defendants have utterly failed to comply with Local Rule 7-3 or the Court's Standing Order prior to filing their Motion.[4] For this reason, the Motion should be stricken.

---

[4] Defendants contend that they met and conferred on October 9, 2020, when Defendants informed Plaintiff that they believed that a written agreement existed and therefore the complaint's allegation that the agreement was oral was a fraud on the court. Kilgore Decl. ¶16, Ex. F. But this was almost a month before Defendants removed the Tennessee State Court Action to this Court and more than a month before Defendants filed the Motion, and there was no mention of Defendants' intent to file the Motion. *Id.* at ¶17.

### B. In the Alternative, the Hearing on the Motion Should Be Continued Until After the Hearing on the Motion to Remand.

Should this Court not strike the Motion, Plaintiff requests that the December 14th hearing on the Motion be continued until after Plaintiff's motion to remand is heard. Defendants' removal from Tennessee state court to California federal court is clearly improper, and if the motion to remand is granted, it would make the Motion moot. In order to conserve judicial and the parties' resources, the motion to remand should be heard prior to any other substantive motions in this action.[5]

## V. PLAINTIFF IS ENTITLED TO SANCTIONS

This Court has the inherent authority to impose sanctions where, *inter alia*, a party has "acted in bad faith, vexatiously, or for oppressive reasons." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015). The Court's Standing Order also provides that failure to comply with Local Rule 7-3 is grounds for sanctions. Standing Order, ¶4b (emphasis in original). Sanctions should be awarded here as against Defendants and/or their counsel.

Defendants have acted in bad faith and to increase the costs of Plaintiff's prosecuting this action. First, Defendants improperly filed notices of removal, removing the action from Tennessee state court to this Court. Second, when Plaintiff provided authority that such a removal was improper and, indeed, frivolous, Defendants doubled-down on their position and refused to withdraw the notices. Third, while holding Plaintiff to compliance under Local Rule 7-3 on Plaintiff's anticipated motion to remand, Defendants failed to comply with Local Rule 7-3 and the Court's Standing Order. Fourth, Defendants failed to serve Plaintiff with the Motion. Fifth, Defendants, when Plaintiff pointed out that they did not comply with

---

[5] The Local Rule 7-3 meet and confer on the Motion will be conducted on November 18, 2020, and, if necessitated, Plaintiff anticipates that he will file a motion to remand on or before November 30, 2020. Kilgore Decl. ¶18.

Local Rule 7-3, failed to agree to withdraw or withdraw the Motion.

Notably, if Plaintiff is forced to bring a motion to remand, which Plaintiff anticipates will be granted, Defendants may be required to pay Plaintiff's attorneys' fees and costs incurred as a result of the removal. 28 U.S.C. §1447(c).

These actions have caused Plaintiff to increase costs in prosecuting this action by hiring California counsel, to defend against an improper removal, and to bring this ex parte application. Indeed, Plaintiff has expended $8,250 in bringing this ex parte application, which Plaintiff requests as sanctions.

## VI.  CONCLUSION

For the reasons set forth above, Plaintiff requests that this Court grant this application and order that the Motion be stricken or, in the alternative, that the hearing be continued until after the hearing on Plaintiff's anticipated motion to remand. Plaintiff also requests that this Court award Plaintiff $8,250 in sanctions.

DATED: November 17, 2020

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Keith J. Wesley
   Lori Sambol Brody


By:  */s/ Lori Sambol Brody*
      Lori Sambol Brody
Attorneys for Plaintiff Charlie A. Powell, II

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2020, I electronically filed the foregoing **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONTINUE THE HEARING OF THE MOTION TO DISMISS, AND REQUEST FOR SANCTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| THE WILLIAMS LAW GROUP<br>Andrew Williams, Esq.<br>Attorney for Plaintiff<br>6273 Sunset Drive, Suite D3<br>South Miami, Florida 33143<br>Telephone: (253) 970-1683<br>Email:<br>Andrew@TheWilliamsLG.com<br>Secondary Email:<br>WilliamsLawFlorida@gmail.com | Attorney for Defendants, Ethan Healy *pka* "Healy"; and Braintrust Records, LLC |

*/s/ Lori Sambol Brody*
Lori Sambol Brody