BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Charlie A. Powell II

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLIE A. POWELL, II, | Case No. 2:20-CV-10171-DSF-AFM |
| Plaintiff, | The Hon. Dale S. Fischer |
| vs. | **PLAINTIFF CHARLIE A. POWELL, II'S REPLY IN SUPPORT OF REQUEST FOR SANCTIONS** |
| ETHAN HEALLY pka "HEALY"; and BRAINTRUST RECORDS, LLC, a Florida Limited Liability Company, | |
| Defendant. | Trial Date: None Set |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................ 1

II. THIS COURT SHOULD SANCTION DEFENDANTS AND/OR THEIR COUNSEL ..................................................................................... 2

    A. Defendants Should Be Sanctioned For Non-Compliance With Local Rule 7-3 ............................................................................... 2

    B. Defendants' Bad Faith Actions Support an Award of Sanctions. .......... 3

    C. Defendants Should Be Sanctioned Because They Had No Objectively Reasonable Basis for Seeking Removal .............................. 5

III. CONCLUSION ............................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Chambers v. NASCO, Inc.*,
　501 U.S. 32 (1991) .................................................................................................. 3

*Fink v. Gomez*,
　239 F.3d 989 (9th Cir. 2001) .................................................................................. 3

*In re Bisno*,
　433 B.R. 753 (Bankr. C.D. Cal. 2010) ................................................................... 6

*In re Itel Sec. Litig.*,
　791 F.2d 672 (9th Cir. 1986) .................................................................................. 4

*Leon v. Gordon Trucking, Inc.*,
　76 F. Supp. 3d 1055 (C.D. Cal. 2014) .................................................................... 5

*Lipsig v. National Student Marketing Corp.*,
　663 F.2d 178 (D.C. Cir. 1980) (per curiam) ........................................................... 4

*Lofton v. Verizon Wireless (VAW) LLC*,
　308 F.R.D. 276 (N.D. Cal. 2015) ............................................................................ 3

*Lussier v. Dollar Tree Stores, Inc.*,
　518 F.3d 1062 (9th Cir. 2008) ................................................................................ 5

*Martin v. Franklin Capital Corp.*,
　546 U.S. 132 (2005) ................................................................................................ 5

*Moore v. Permanente Med. Grp., Inc.*,
　981 F.2d 443 (9th Cir. 1992) .................................................................................. 5

**STATUTES**

28 U.S.C. § 1441(a) ..................................................................................................... 6

28 U.S.C. § 1447(c) .................................................................................................. 5, 6

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 12(b)(6) .................................................................. 1

# TABLE OF AUTHORITIES
## (Continued)

**Page**

Federal Rules of Civil Procedure Rule 81(c) .......... .................................................... 2

Local Rule 7-3 ................................................ .................................................... 2, 3

Local Rule 16-12 ............................................. .................................................... 2

## I. INTRODUCTION

Mistakes happen. Parties make them. Counsel make them. We are not here, however, because of a mistake (even one as egregious as removing an un-removable case to a different state).

We are here rather because Defendants Ethan Heally pka "Healy" and Braintrust Records, LLC ("Defendants"), and their counsel were given every opportunity to correct their mistake voluntarily (and thus eliminate the need for Plaintiff Charlie A. Powell, II ("Plaintiff") to incur attorneys' fees to get the mistake corrected by judicial fiat). Yet, despite being afforded repeated opportunities to correct their glaring mistake and to eliminate the need for Plaintiff to incur additional fees, Defendants and their counsel stubbornly refused.

When presented with clear legal authority showing that removal to this Court was improper, Defendants and their counsel refused to remand. When asked to stipulate to continue the hearing on their "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Motion for [Conditional] Summary Judgment" (Dkt. No. 6; the "Motion") in order to provide sufficient time for further discussion, for Plaintiff to bring a motion to remand, or for this Court to *sua sponte* remand, Defendants and their counsel refused even that simple request.

Confronted with an opposition to the Motion due in less than a week and an adversary and counsel who had previously exhibited a pattern of requesting conferences that went nowhere, Plaintiff was left with no choice but to retain California counsel and move ex parte.

Plaintiff should not bear the cost of the attorneys' fees he incurred due solely to the knowing, bad faith conduct of Defendants and their counsel. If fee-shifting is not warranted here, then not only will parties and attorneys not be deterred from similar conduct in the future, but faith in our judicial system and its rules will be undermined.

## II. THIS COURT SHOULD SANCTION DEFENDANTS AND/OR THEIR COUNSEL

### A. Defendants Should Be Sanctioned For Non-Compliance With Local Rule 7-3.

Defendants admit that they did not comply with Local Rule 7-3 before filing their Motion. *See* Dkt. No. 15 at 2 ("complying with Local Rule 7-3 was an impossibility"). Thus, they should be subject to sanctions for their non-compliance.

Their protestations, in their Opposition, as to why they should be exempt from compliance with Local Rule 7-3 are unavailing. First, Defendants state, without citing any authority, that Local Rule 7-3 does not apply to "motions pursuant to Rule 81(c) of the Federal Rules of Civil Procedure." Dkt. No. 15 at 9. But there are no motions pursuant to Federal Rule of Civil Procedure 81(c) – that rule only provides a *timeline* for responding to a pleading if the defendant did not respond prior to removal. Defendants' Motion, brought under Rules 12 and 26 of the Federal Rules of Civil Procedure, is clearly subject to Local Rule 7-3's meet and confer requirement. *See* Local Rule 7-3 (stating that the meet and confer requirement applies to "all cases," except for those specifically listed in Local Rule 16-12, and "the filing of any motion," except for discovery motions and applications for temporary restraining orders or preliminary injunctions); *see also* Standing Order, ¶5a (the Court encourages parties to "confer in good faith (as required by Local Rule 7-3)" to resolve motions to dismiss).

Second, Defendants contend that compliance with Local Rule 7-3 was impossible because they were required to file a responsive pleading within seven days after their notice of removal. Fed. R. Civ. Proc. 81(c)(2)(C); Dkt. No. 15-9. Defendants never explain why a meet and confer would have been impossible to conduct prior to or on the day of filing the notice the removal. Indeed, at *no point* did Defendants meet and confer concerning their intent to file the Motion or discuss

all arguments asserted in the Motion.[1]  Dkt. Nos. 8-2 at ¶¶16, 17; 8-8.  And despite communicating with Plaintiff on November 12, 2020 – the day the response to the complaint was due – and reminding Plaintiff of *his* obligation to meet and confer on the motion to remand, Defendants made no attempt to even mention their anticipated Motion.  Dkt. Nos. 8-2 at ¶¶10-11; 8-6.

Although Defendants were well aware of Local Rule 7-3's requirement, Defendants chose, instead, to delay the filing of the notice of removal and the filing of the Motion to the last moment,[2] and ambush Plaintiff with the filing of the Motion.  Defendants and/or their counsel should be sanctioned for their failure to confer as required under Local Rule 7-3.  *See*, *e.g.*, Standing Order, ¶4b ("Counsel **must** comply with Local Rule 7-3 . . . **Failure to comply with this Rule will be grounds for sanctions.  If fault is attributed to the moving party, the Court may decline to hear the motion**.") (emphasis in original).

### B. Defendants' Bad Faith Actions Support an Award of Sanctions.

This Court has the inherent authority to impose sanctions where, *inter alia*, a party has acted in bad faith, vexatiously, for oppressive reasons, to delay or disrupt litigation, or for an improper purpose.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 & n.10 (1991); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015).  Sanctions are justified when a party acts with an improper purpose – "motivated by vindictiveness, obduracy, or mala fides" – even if the act is making a truthful statement or a non-frivolous argument or objection.  *Fink v.*

---

[1] Defendants do not dispute that they did not discuss all arguments made in the Motion.  Defendants only represent they discussed the issue of Plaintiff's supposed "fraud" on the court concerning the breach of contract claim.  Dkt. No. 15 at 9.  This conversation took place more than a month before the Motion was filed and Defendants did not mention that they intended to file the Motion during that conversation.  Dkt. Nos. 8-2 at ¶¶16-17; 8-8/

[2] Defendants admit that the Motion was actually filed late, on the eighth day after removal.  Dkt. 15 at 6 & n.1.

*Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986), *quoting Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam).  Defendants' actions – which exhibit pure gamesmanship and an attempt to force Plaintiff to incur attorneys' fees in defending an improper removal and their subsequent Motion – fall squarely under these descriptions and merit the imposition of sanctions in the amount of the attorneys' fees Plaintiff has expended.

Removal of this non-diversity action directly from Tennessee state court to the Central District of California was improper, as Defendants admit, and frivolous.[3] Dkt. Nos. 11, 15 at 6, 7, 8.  But even putting Defendants' improper removal aside, Defendants' actions were devoid of good faith.  When Plaintiff confronted Defendants – in numerous meet and confers (*see*, *e.g.*, Dkt. No. 8-2 at ¶¶9-12, 15) – with legal authority that demonstrated they could not properly remove the case, Defendants refused to withdraw the notice of removal, did their own belated research, and adopted a "wait and see" strategy after realizing that Plaintiff was correct.  Dkt. No. 15 at 7.

Defendants also doubled-down and filed the Motion (without any meet and confer and without serving it on Plaintiff[4]), noticing it for hearing on December 14, 2020, with Plaintiff's opposition due November 23, 2020.  While Defendants could

---

[3] Defendants' explanation that the frivolous removal was conducted due to zealous advocacy and a misguided belief that the Tennessee state court could not adequately oversee the case (Dkt. Nos. 15 at 6, 7; 15-1 at ¶¶8-9) does not excuse his failure to follow the appropriate legal principles.

[4] Defendants make excuses as to why they believed that Plaintiff's Tennessee counsel was served with the Motion.  But Plaintiff's Tennessee counsel, at that time, had not appeared in the case.  Moreover, a simple examination of the email from PACER confirming that the Motion was filed and Plaintiff served should have revealed that Plaintiff was not served.  Defendants fail to submit that email in support of their Opposition.

1  have easily agreed to continue the briefing schedule on the Motion, as Plaintiff
2  requested, in order to permit the parties to meet and confer on Plaintiffs' anticipated
3  motion to remand, allow Plaintiff additional time to respond, and to have a
4  dispositive motion to remand heard first to conserve the parties' and the judicial
5  system's resources, Defendants refused to agree to a continuance.  *See* Dkt. Nos. 8-2
6  at ¶¶15-18; 8-7; 8-8.  Having realized that the removal was in error, presumably
7  they still hoped that the Motion would be ruled on first in their favor, before the
8  Court remanded the action.  Notably, in their Opposition, Defendants do not even
9  address why they could not extend a continuance to Plaintiff, and chose, instead, to
10 create a situation where Plaintiff would have had to incur the costs of opposing the
11 Motion before a motion for remand could have been heard, and necessitated the
12 drafting of the ex parte application.
13       Defendants have engaged gamesmanship in this action that cannot merely be
14 dismissed, as Defendants attempt to do, with protestations of zealous advocacy.
15 Defendants have acted in bad faith, vexatiously, oppressively, and with an improper
16 purpose that justifies the award of sanctions.
17       **C.   Defendants Should Be Sanctioned Because They Had No**
18       **Objectively Reasonable Basis for Seeking Removal.**
19       Defendants and/or their counsel are also subject to sanctions under 28 U.S.C.
20 § 1447(c), which provides, "[a]n order remanding the case may require payment of
21 just costs and any actual expenses, including attorney fees, incurred as a result of the
22 removal."  In order to award attorneys' fees, Defendants must have lacked "an
23 objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*
24 *Corp.,* 546 U.S. 132, 141 (2005).  In making that determination, the court should
25 look at whether relevant authority "clearly foreclose[s]" Defendants' basis for
26 removal.  *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1072–73 (C.D. Cal.
27 2014), *quoting Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir.
28 2008).  A defendant need not have acted in bad faith.  *Moore v. Permanente Med.*

*Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

Defendants had no objectively reasonable basis for removal from the Tennessee state court to Central District of California. All the authority points the other way. Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United State for the district and division embracing the place where such action is pending*" (emphasis added), which was the District Court for the Western District of Tennessee. *See In re Bisno*, 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010) (defendant improperly removed Alameda County Superior Court case to Central District of California instead of the Oakland Division of the Bankruptcy Court for the Northern District of California). In addition, Defendants could not base their notice of removal on diversity jurisdiction. Dkt. No. 11.

Defendants' admission that they made a mistake reinforces that they had no objectively reasonable basis for seeking removal here. Dkt. No. 15 at 6, 7, 8. While they contend that *venue* provides a basis for removal (Dkt. Nos. 15 at 7; 15-1 at ¶7), the removal statutes do not provide that a party can remove a case to any venue that may be appropriate. *See* 28 U.S.C. § 1441(a).

Since Defendants did not have an objectively reasonable belief for seeking removal here, attorneys' fees should be awarded under 28 U.S.C.A. § 1447(c).

## III. CONCLUSION

For the foregoing reasons, and those in Plaintiff's moving papers, Plaintiff respectfully requests that his request for sanctions be granted in the amount of $$8,250.[5]

---

[5] Defendants appear to request the Court make (1) a factual determination that Plaintiff has perpetuated a fraud on the court by alleging breach of an oral contract, rather than breach of a written contract, and (2) retain jurisdiction to sanction Plaintiff's Tennessee counsel. *See* Dkt. Nos. 15 at 8, 9; 15-1 at ¶¶10-13; 15-2. In

| | | |
|---|---|---|
| 1 | DATED: December 7, 2020 | BROWNE GEORGE ROSS |
| 2 | | O'BRIEN ANNAGUEY & ELLIS LLP |
| | |    Keith J. Wesley |
| 3 | |    Lori Sambol Brody |

By:    */s/ Lori Sambol Brody*
       Lori Sambol Brody
Attorneys for Plaintiff Charlie A. Powell, II

---

addition to being unsupported by the facts, this issue is but a red herring. The Tennessee state court can determine the merits of the case and whether a written or oral agreement existed.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2020, I electronically filed the foregoing **PLAINTIFF CHARLIE A. POWELL, II'S REPLY IN SUPPORT OF REQUEST FOR SANCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants in this action.

                                         */s/ Lori Sambol Brody*
                                         Lori Sambol Brody

1708475.1 -8- Case No. 2:20-CV-10171-DSF-AFM
PLAINTIFF CHARLIE A. POWELL, II'S REPLY IN SUPPORT OF REQUEST FOR SANCTIONS