# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE A. POWELL, II,<br>    Plaintiff,<br><br>            v.<br><br>ETHAN HEALY, et al.,<br>    Defendants. | CV 20-10171 DSF (AFMx)<br><br>Order re Sanctions Pursuant to 28 U.S.C. § 1447(c) |

On November 19, 2020, the Court remanded this case to Tennessee state court and gave Defendants an opportunity to show why they should not be sanctioned for removing the case with no basis in law or fact. The Court now finds that Defendants should pay Plaintiff's just costs and expenses incurred due to the removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Defendants had no objectively reasonable basis for removal in this case. First, the case was removed from Tennessee state court to this Court despite the direct statutory command that a state court action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division *embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Defendants' only explanation for their violation of this directive seems to be that they wanted to see if Plaintiff and the Court

would acquiesce to the improper removal. See Opp'n at 7-8. Second, it is clear from the face of the complaint that there is no diversity jurisdiction because Plaintiff is a member of the LLC Defendant and LLCs are citizens of the same states as their members. Defendants provide no explanation for why they ignored this problem and removed the case anyway.

It is obvious that there was no reasonable basis for removal of this case from Tennessee state court to this Court. Therefore, Plaintiff's request for reasonable expenses, including attorney's fees, is granted in principle. However, Plaintiff did not adequately establish the amount of the requested expenses. The parties are ordered to meet and confer no later than January 12, 2021 to attempt to agree on the amount of attorneys' fees to be awarded. If no agreement is reached, Plaintiff may submit supplemental evidence in support of incurred fees and costs that complies with the Court's Order re Format of Time and Expense Records[1] no later than January 20, 2021. Defendant may file an opposition relating to the amount of fees and costs only no later than January 27, 2021.

IT IS SO ORDERED.

Date: December 28, 2020

Dale S. Fischer
United States District Judge

---

[1] This standing order is available at the bottom of the page at http://www.cacd.uscourts.gov/honorable-dale-s-fischer.