THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Defendant, ETHAN HEALY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE A. POWELL, II,<br>　　　　Plaintiff,<br>　　vs.<br>ETHAN HEALY *pka* "HEALY", and BRAINTRUST RECORDS, LLC a Florida Limited Liability Company<br>　　　　Defendants. | Case No.: 2:20-cv-10171-DSF-AFM<br>**DECLARATION OF ANDREW WILLIAMS, ESQ. IN SUPPORT OF DEFENDANTS' OPPOSITION TO SUPPLEMENTAL SUBMISSION IN SUPPORT OF SANCTIONS AWARDED IN ORDER RE SANCTIONS PURSUANT TO 18 U.S.C. § 1447(C) [DE 18];**<br><br>Judge: Honorable Dale S. Fischer<br>Trial Date: N/A |

I, ANDREW WILLIAMS, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I am the attorney of record for Defendants ETHAN HEALY ("HEALY") and

BRAINTRUST RECORDS, LLC ("Braintrust") in the above captioned action.

3. I am fully familiar with the facts set forth herein, and if called upon as a witness, could testify competently thereto.

4. On January 11, 2021, as ordered by this Court, I met and conferred with counsel for the Plaintiff.

5. This "meet-and-confer" conference was attended by myself, and counsel for the Plaintiff, Lori Sambol Brody, Esq. ("Brody"), and Lauren Kilgore, Esq. ("Kilgore") (collectively "Opposing Counsel").

6. The "meet-and-confer" conference was held telephonically and it was relatively brief.

7. Notwithstanding, the fact that the Plaintiff previously requested $8,250.00 in attorneys' fees when he filed his Request for Attorneys' Fees, Plaintiff's counsel began the "meet-and-confer" claiming that the amount of their fees really were closer to $10,000.00.

8. I asked Opposing Counsel to provide proof and evidence of the fees, or that the Plaintiff had even been paid for such fees or the associated services, but my request was denied.

9. I was and still am extremely shocked and dismayed that the last service performed on Exhibit 1 of Plaintiff's Supplement [DE 19] indicates that our "meet-and-confer" conference was the last thing in which Opposing Counsel was seeking fees, yet Opposing Counsel created calculations totaling nearly $8,000.00 without any other documented service having been performed.

10. Either I forgot to hang up the phone, and the Plaintiff racked up a very large phone bill, or Opposing Counsel's figures are inaccurate and they cannot be trusted.

11. Clearly, this Court had suspicions concerning Plaintiff's fees calculations when Plaintiff first submitted his Request for Sanctions as this Court acknowledged that the Plaintiff "did not adequately establish the amount of the requested expenses."

12. Surely, this Court was referring to the inconsistent and irreconcilable figures proffered by the Plaintiff and Opposing Counsel in its Request for Sanctions.

13. The Request for Sanctions requested $8,250.00, and it was filed on November 17, 2020.

14. In the Request for Sanctions, both Brody and Kilgore submitted their own respective declarations under penalty of perjury.

15. In Brody's declaration, she claimed that she spent 5 hours on the ex parte application/Request for Sanctions for a total of $2,375.00.

16. It would be Plaintiff's position that this figure as it pertains to the time, 5 hours is likely accurate and reasonable.

17. It should be noted, however, by this Court that in Brody's declaration in support of Plaintiff's Supplement dated January 20th, Brody claims to have spent over 12.5 hours on the application/Request for Sanctions, which was submitted on November 17, 2020 nonetheless.

18. Brody's figures simply do not make sense and they cannot be reconciled.  Furthermore, Brody failed to explain how she spent 7.5 more hours on an already completed and submitted pleading.

19. On November 17, 2020, Kilgore also submitted a declaration in support of the Request for Sanctions.

20. In her declaration, Kilgore stated under penalty of perjury that *her firm*, not just her, incurred $3,500.00 in fees; however, a review of Exhibit 1 from [DE 19] shows that Kilgore spent roughly 5.3 hours up until November 17, 2020, the date the Request for Sanctions was filed, or $1,855.00.

21. As with Brody, Kilgore's figures cannot be reconciled with the pure mathematics.

22. For one, simple mathematics would show this Court that Opposing Counsel and their

figures do not add up, something this Court was keen on, as it required the supplement due to Opposing Counsel's failure to adequately establish their requested fees.  The calculations would show that $3,500 + $2,375.00 equates to $5,875.00, **not** $8,250.00.

23. Second, if Kilgore spent 5.3 hours, a figure the Defendants contend is reasonable the amount of Kilgore's "fees" was thus inflated.

24. Honesty, or a lack thereof seems to be a theme in this case.  This entire proceeding was initiated by Plaintiff's falsehoods and fraud, and it concludes (in this jurisdiction) with the captured falsities of Opposing Counsel.

25. The Defendants contend that the Plaintiff's Exhibit 1 figures are completely inflated. They were inflated even in the original Request for Sanctions, but as a wise man once said "a lie in the dark, will soon enough come to the light."

26. By producing their inflated figures in Exhibit 1, Opposing Counsel exposed themselves and their Request for Sanctions were inaccurate and false.

27. Perhaps next time, Opposing Counsel should double check its own calculations before trying to pull a fast one on this Court.

28. It is the Defendants position that given the false and arguably fraudulent calculations and declarations that were submitted by Plaintiff and Opposing Counsel, the Plaintiff should take nothing by way of attorney's fees in light of the time, energy, effort and expenses that were undertaken by the Defendants through their counsel to identify such inaccuracies.

29. However, if this Court is not inclined to find that the inaccuracies behind the Plaintiffs calculations are as glaring and evidence of bad-faith and perjury as the Defendants perceive them, then alternatively, the Defendants request that the amount of attorneys' fees awarded be de minimis or an amount that is capped at $2,500.00.

Under penalty of perjury under the laws of the State of Florida, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this Declaration was executed this 27th day of January in Miami-Dade, Florida.

/s/Andrew Williams
Andrew Williams
CA Bar # 310526